

# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
November 30, 2020 01:31 PM
     AFTAB PUREVAL
    Clerk of Courts
  Hamilton County, Ohio
  CONFIRMATION 1010277
```

**JERRELL WILSON**  A 2004165

vs.
**SAKS FIFTH AVENUE**

### FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND

### PAGES FILED: 6

EFR200

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | |
|---|---|
| **JERRELL WILSON,**<br>353 W. Fourth Street<br>Cincinnati, Ohio 45202<br><br>      Plaintiff,<br>vs.<br><br>**SAKS FIFTH AVENUE**<br>c/o Corporation Service Company<br>Registered Agent<br>50 West Broad St., Suite 1330<br>Columbus, Ohio 43215<br><br>      Defendant. | Case No.<br><br>Judge<br><br><br><br>**COMPLAINT AND**<br>**JURY DEMAND** |

## I. INTRODUCTION

1. This is an action for race discrimination in violation of O.R.C. § 4112.02 (A) as enforced through O.R.C. § 4112.99; Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e-2; and 42 U.S.C. §1981. Plaintiff also asserts sex discrimination in violation of O.R.C. § 4112.02 (A) as enforced through O.R.C. § 4112.99, and 42 U.S.C. § 2000e-2, and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

## II. JURISDICTION AND VENUE

2. The court has jurisdiction over this matter pursuant to O.R.C. § 2305.01. Venue is proper because Defendant does business in Hamilton County, Ohio and all acts complained of occurred in Hamilton County.

1

## III. PARTIES

3.     Plaintiff is a former employee of Defendant.

4.     Defendant was Plaintiff's employer during all times relevant to this action. Defendant is an employer as defined by O.R.C. § 4112.01 (A)(2); 42 U.S.C. § 2000e-b; and 29 U.S.C. § 630(a).

## IV. FACTS

5.     Plaintiff is an African American male and was employed by Defendant from 2002 until January 13, 2020. Plaintiff was a salesperson in the Shoe Department at the Saks store located on Fifth Street in Cincinnati, Ohio.

6.     Prior to January of 2020, Plaintiff's performance was excellent. He had developed a large clientele of customers and he was in no danger of losing his job.

7.     On about December 21, 2019, Plaintiff accidentally came in contact with a 26-year-old white female Associate who also worked in the Shoe Department. Plaintiff instinctively put his hands out to avoid running into her. The contact occurred in a public area of the store.

8.     The female Associate thereafter complained that Plaintiff allegedly grabbed and shoved her.

9.     On January 2, 2020, Dan Wood, the Assistant Store Manager, and the store's Executive Office Manager met with Plaintiff. Wood suspended Plaintiff pending an investigation and asked Plaintiff for a statement.

10.     Later that day, Plaintiff submitted two statements by email. Plaintiff explained that the contact was accidental and that it occurred only to avoid

running into the female Associate. Plaintiff raised a question about the female Associate's motive for the complaint.

11. On January 13, 2020, Wood terminated Plaintiff. In the dismissal letter, Wood stated that Plaintiff "physically grabbed a female Associate on the low waist and moved them, on the selling floor." Wood claimed that Plaintiff violated the company's Code of Business Conduct which prohibits "unprofessional, inappropriate or unwelcome conduct." Wood also cited the Associate Handbook which provides that an Associate must not "engage in harassment of any kind."

12. The stated reason for termination is false. Plaintiff did not grab a female associate or engage in any inappropriate conduct or harassment. He put his hands out only to prevent imminent accidental contact.

13. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on about April 24, 2020. The EEOC issued a Notice of Right to Sue on or after September 1, 2020.

## COUNT I
### (Race Discrimination)

14. Plaintiff incorporates Paragraphs 1-13 as if fully restated.

15. Defendant discriminated against Plaintiff because of his race in violation of O.R.C. §4112.02(A) as enforced through O.R.C. §4112.99; Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e-2; and 42 U.S.C. §1981. Plaintiff was qualified for his position and suffered an adverse action when he was terminated. Defendant terminated Plaintiff in favor of a Caucasian

3

employee who made an exaggerated and untrue complaint about her interaction with Plaintiff, and similarly-situated non-African American employees who engaged in comparable accidental and even intentional touching of another employee were not terminated.

16. Further, the stated reason for termination is false and pretextual. Plaintiff did not engage in any unprofessional, inappropriate, or unwelcome conduct. He simply put his hands out so that he and the Caucasian female Associate would not run into each other.

## COUNT II
### (Sex Discrimination)

17. Plaintiff incorporates Paragraphs 1-16 as if fully restated.

18. Defendant discriminated against Plaintiff because of his sex in violation of O.R.C. §4112.02(A) as enforced through O.R.C. §4112.99, and in violation of 42 U.S.C. § 2000e-2. Plaintiff was qualified for his position and suffered an adverse action when he was terminated. Defendant favored the female associate who complained about Plaintiff. Similarly situated females who engaged in comparable accidental or intentional touching of another employee were not fired.

19. Further, as noted above, the stated reason for termination is false and pretextual.

## COUNT III
### (Intersectional Discrimination)

20. Plaintiff incorporates Paragraphs 1-19 as if fully restated.

21. Defendant discriminated against Plaintiff because of his status as an African American male in violation of O.R.C. §4112.02(A) as enforced through O.R.C. §4112.99. Defendant's conduct also violates 42 U.S.C. § 2000e-2.

## COUNT IV
### (Age Discrimination)

22. Plaintiff incorporates Paragraphs 1-21 as if fully restated.

23. Defendant discriminated against Plaintiff because of his age in violation of 29 U.S.C. § 621. Plaintiff was over 40 years of age at the time of his dismissal and was qualified for his position. Plaintiff suffered an adverse action when Defendant terminated his employment in favor of a substantially younger employee who made an exaggerated and untrue complaint about her interaction with Plaintiff. Further, the stated reason for Plaintiff's termination is pretextual.

24. As a result of Defendant's conduct described above, Plaintiff has suffered lost income and benefits and such losses are expected to continue. Plaintiff has further suffered emotional distress and mental anxiety.

25. Wherefore, Plaintiff demands the following:

    a. reinstatement or front pay in lieu thereof;

    b. damages for all lost income and benefits;

    c. compensatory damages;

    d. punitive damages;

  e.  reasonable attorneys fees and costs;

  f.  pre-judgment interest; and

  g.  all other legal and equitable relief to which he is entitled.

26. Plaintiff demands a trial by jury an all issues triable by jury.

            Respectfully submitted,

            */s/ David Torchia*

            David Torchia (0015962)
            Tobias, Torchia & Simon
            302 Mercantile Center
            120 E. Fourth Street
            Cincinnati, Ohio 45202
            (513) 241-8137
            davet@tktlaw.com
            Attorney for Plaintiff